UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SARAH ELIZABETH FREY, KEVIN ENRIGHT, AND PROTECT OUR WOODS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:00-cv-660-RLY-TAB |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR DISQUALIFICATION
PURSUANT TO 28 U.S.C. § 455**

Plaintiffs, Sarah Elizabeth Frey, Kevin Enright, and Protect Our Woods, Inc. ("Plaintiffs"), move Judge Young to recuse himself as the presiding judge in this matter because, in their view, he has formed and expressed an opinion on the merits of the issues presented in this case. In support of their position, Plaintiffs cite the court to pages 21-32 of Judge Young's Entry on the United States' Motion to Enter the Agreed Amendment to the Consent Decree Providing for Remedial Actions at Neal's Landfill, Lemon Lane Landfill, and Bennett's Dump in *City of Bloomington, et al. v. CBS*, 1:81-cv-448-RLY-KPF. Although the Superfund sites implicated in the present case are the same sites that were at issue in the *City of Bloomington*, the Plaintiffs were not parties to that action.

In support of their motion for disqualification, Plaintiffs rely on section 455(a) of the Judicial Code, which provides that a district judge shall "disqualify himself in any

1

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotation marks and citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 548 (1994) (noting that what matters in analyzing recusal under section 455(a) "is not the reality of bias or prejudice but its appearance"). In evaluating whether a judge's impartiality might reasonably be questioned, the court's inquiry is "from the perspective of a *reasonable observer who is informed of all the surrounding facts and circumstances*." *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (quoting *Cheney v. United States Dist. Court*, 541 U.S. 913, 924 (2004)). In this context, a reasonable observer is familiar with the documents at issue, the context in which they came into being, the applicable legal standards and judicial practice, "and can discern whether any appearance of impropriety is merely an illusion." *Id*. at 477-78 (citations omitted). Recusal is required when "'a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.'" *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).

    Plaintiffs' argument in support of recusal is based entirely on their subjective belief that the court has already formed an opinion about the merits of this case based upon an extrajudicial source – i.e., the court's prior ruling in the *City of Bloomington* case. An extrajudicial source is defined as "some source other than what the judge has learned through participation in the case." *United States v. Balistrieri*, 779 F.2d 1191,

2

1199 (7th Cir. 1985). "Facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis of disqualification." *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1996) (citation omitted). Thus, a judge's prior ruling in a separate but related case does not stem from an extrajudicial source, and is not grounds for recusal. *United States v. Mosley*, 353 Fed.Appx. 49, 53-54 (7th Cir. 2009) (holding that judge's pretrial rulings and courtroom comments were not grounds for recusal under section 455(a) because they did not stem from an extrajudicial source); *see also United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990) (holding that bias alleged to have been caused by past cases (and the present case) in which the judge and litigant were involved was not grounds for recusal); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (defining personal or extrajudicial bias as "prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases") (internal quotations and citation omitted)). An exception to this general rule is if "the opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, . . . display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

      Pursuant to the case law cited above, Judge Young's prior ruling in *City of Bloomington* is not an extrajudicial source. Moreover, a reasonable observer, well informed of all of the relevant facts in light of the relevant legal standards and judicial practice, having read Judge Young's prior decision in *City of Bloomington*, would not

3

think that Judge Young had expressed a deep-seated favoritism towards EPA, such as would make a fair ruling on the merits of the present case impossible. In other words, a reasonable person would not perceive a significant risk that Judge Young will resolve the Plaintiffs' case on a basis other than the merits. The fear of an adverse ruling based upon Judge Young's prior ruling is simply insufficient to show bias under section 455(a). Accordingly, Plaintiffs' Motion for Disqualification Pursuant to 28 U.S.C. § 455 (Docket # 82) is **DENIED**.

**SO ORDERED** this  14th   day of August 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Daniel R. Dertke
UNITED STATES DEPARTMENT OF JUSTICE
daniel.dertke@usdoj.gov

Mick G. Harrison
mickharrisonesq@earthlink.net

Rudolph William Savich
rsavich@aol.com